UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RICHARD A. THURSTON,

    Petitioner,

v.

STATE OF MARYLAND,

    Respondents.

Civil Action No. GJH-15-665

MEMORANDUM OPINION

Petitioner Richard A. Thurston, a former state prisoner has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 1997 conviction for burglary, attempted theft and malicious destruction of property entered in the Circuit Court for Harford County. ECF No. 1 and ECF No. 4.  Respondents filed an Answer in which they argue that the Petition should be dismissed as time-barred.  ECF No. 6.  Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Thurston was afforded an opportunity to explain why the Petition should not be dismissed as time-barred (ECF No. 7) and filed a Reply. ECF No. 8.

Subsequently, this Court stayed consideration of this case pending decisions by the Fourth Circuit Court of Appeals as to whether a habeas petitioner was entitled to statutory tolling of the limitations period during the time a Motion for Modification was pending in Maryland state court. ECF Nos. 12 and 16. On August 8, 2019, after an opinion was issued in *Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019), Respondent was granted 45 days to file a supplemental letter or answer addressing the timeliness of the Petition and Thurston was granted 45 days thereafter to file any reply. ECF No. 20. While the Court awaited the supplemental briefing, the Court ordered the

matter remain stayed. ECF No. 21. On September 19, 2019, Respondents filed correspondence arguing Thurston's case remained time-barred. Thurston did not respond.

Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. The stay is of this case is lifted. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

I.  **BACKGROUND**

On March 18, 1997, after a jury trial in the Circuit Court for Harford County, Thurston was convicted of several counts of burglary, attempted theft, and malicious destruction of property. ECF No. 6-1 at 1, 7. Thurston was sentenced on June 10, 1997 to 20 years of incarceration. *Id*. Thurston filed a timely appeal. His conviction was affirmed by the Maryland Court of Special Appeals and on June 25, 1998, the Maryland Court of Appeals denied his petition for writ of certiorari. *Thurston v. State*, 350 Md. 278 (1998). He did not seek further review in the United States Supreme Court, and his judgment became final for direct appeal purposes on September 23, 1998, when the time for doing so expired. *See* Sup. Ct. Rule 13.1 (requiring petition for writ of certiorari be filed within 90 days of the judgment from which review is sought).

Thurston initiated state post-conviction proceedings on March 11, 1999.[1] ECF No. 6-1, pp. 3, 8. Post-conviction relief was denied on April 2, 2001. *Id*., p. 8. Thurston's timely application

---

[1] Respondents erroneously argued in their initial Response that Thurston filed a Motion for Reconsideration of sentence on February 10, 1997 which was denied on April 4, 2005. ECF No. 6, p. 4, n. 3. There is no indication on the state court docket that Thurston filed such a Motion on February 10, 1997 or the Court entered any Order on April 4, 2005. ECF No. 6-1. Thurston did file Motions for Reconsideration on January 8, 2003 and February 27, 2009. ECF No. 6-1, pp. 9, 12. These motions cannot toll the federal statute of limitation because they were improperly filed, having been filed more than 90 days after Thurston's sentencing. *See* Md. Rule 4-345(e) (providing motion for modification must be filed within 90 days after imposition of sentence).

for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on February 20, 2002. *Id*., p. 9. The court's mandate issued on March 2, 2002. *Id*.

On February 24, 2003, Thurston moved to reopen post-conviction proceedings. *Id*., p. 9. His request was granted, however, relief was denied on June 1, 2007. *Id*., p. 11.  Thurston's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on February 23, 2009. *Id*., p. 12.  The court's mandate issued on March 27, 2009. *Id*.

On September 17, 2009, Thurston again moved to reopen state post-conviction proceedings. *Id*., p. 12.  The motion was denied on May 29, 2014. *Id*., p. 13.  His application for leave to  appeal was denied by the Court of Special Appeals on February 19, 2015. *Id*., p. 14.

## II.     DISCUSSION

In their Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). ECF Nos. 6 and 22.

### A.  Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a) (2018).  A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court.  *Id.* § 2244(d).  Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(l). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

**B. Timeliness**

The procedural history reveals that the one-year period elapsed before Thurston filed this § 2254 petition. Thurston's conviction became final on September 23, 1998, when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1 Thurston did not file any postconviction proceedings until over five months later when on March 11, 1999, he filed his first state post-conviction petition. Those post-conviction proceedings finally concluded on March 22, 2002 ,when the Court of Special Appeals of Maryland issued its mandate denying Thurston's application for leave to appeal. Thurston waited until February 24, 2002, a period in excess of eleven months, before moving to reopen his state post-conviction proceedings. When that process concluded unsuccessfully for Thurston on March 27, 2009, he then waited over five months, until September 17, 2009, to file to reopen state post-conviction proceedings. After the unsuccessful conclusion of that effort, on February 19, 2015, Thurston filed this case on February 27, 2015. Simply stated, Thurston had no proceedings pending from September 23, 1998 to March 11, 1999 (a period of 169 days), March 22, 2002 to February

24, 2003 (a period of 339 days), March 27, 2009 to September 17, 2009 (a period of 174 days), or from February 19, 2015 to February 27, 2015 (a period of eight days) which would statutorily toll the limitations period.

Thurston argues that his state post-conviction proceedings remained pending from February 24, 2003 until February 19, 2015, the state has miscalculated the timing of his state proceedings, and therefore this petition is timely. ECF No. 8, p. 8. He is mistaken, but even if he were correct, by his own admission he had no state proceedings pending from September 23, 1998 to March 11, 1999 (a period of 169 days) or from March 22, 2002 to February 24, 2003 (a period of 339 days), and the limitations period expired before he moved to reopen his state post-conviction proceedings on February 24, 2003.

Finally, Thurston does not assert, and the Court cannot identify, a basis for finding that any of the provisions setting a later date for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(l)(B)-(D), apply under these circumstances. Thus, under any reading of the procedural history, the Petition was filed after the expiration of the limitations period and is time-barred.

### C. Equitable Tolling

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

In his reply, (ECF No. 8), Thurston does not offer any argument in favor of equitable tolling. Because ignorance of the law, even for a self-represented petitioner, does not provide a basis for equitable tolling, the Court finds no persuasive basis for equitable tolling of the limitations period.

### D. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Thurston must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

When a petition is denied on procedural grounds, as is the case here, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Thurston's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue

a certificate of appealability.  Thurston may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the stay of this case is lifted and the Petition will be DISMISSED as time-barred.  The Court declines to issue a certificate of appealability.  A separate Order shall issue.


October 16, 2020                                 /s/_____
                                                 GEORGE J. HAZEL
                                                 UNITED STATES DISTRICT JUDGE